# IN THE UNITED STATES DISTRICT COURT
# FOR NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| STEADFAST INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>ARMORGUARD PATROL, LLC f/k/a TSP SECURITY, LLC d/b/a TSP GUARD; DEVANTE J. PERRYMAN; and NAEEMAH MCKEE,<br><br>    Defendants. | Civil Action File No.<br><br>_____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

STEADFAST INSURANCE COMPANY ("Steadfast") submits the following as its Complaint for Declaratory Judgment, showing the Court as follows:

## PARTIES, JURISDICTION, AND VENUE

1. This is an action for declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Steadfast and the Defendants.

1

2. Steadfast is a Delaware corporation engaged in the insurance business with a statutory home office located at 32 Loockerman Square, Suite 202, Dover, Delaware 19904, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. Steadfast operates as a qualified surplus lines insurer in the State of Georgia.

3. Defendant ArmorGuard Patrol, LLC is a Georgia corporation with its principal place of business in Athens, Georgia. ArmorGuard Patrol, LLC formerly operated as TSP Security, LLC, a Georgia corporation that amended its articles of incorporation on April 11, 2020, to change its name to ArmorGuard Patrol, LLC.

4. Defendant Devante J. Perryman is a citizen of the State of Georgia, residing at 400 Fairburn Road, SW, Apt. D33, Atlanta, Georgia 30331.

5. Defendant Naeemah McKee is a citizen of the State of Georgia, residing at 1177 Constitution Road, SE, Apt. S3, Atlanta, Fulton County, Georgia 30315.

6. Jurisdiction and venue are proper in this Court, pursuant to Fed. R. Civ. P. 57. Further, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 2201, as the parties to this declaratory judgment action are from different states and the amount in controversy exceeds $75,000.

## FACTUAL BACKGROUND

### TSP's Insurance Coverage With Steadfast

7. On July 26, 2018, Mark Singletary ("Singletary") completed an application for insurance, through the Costanza Insurance Agency, for his company TSP Security, LLC ("TSP"). This application was for "Security, Alarm, and Investigative Firms." Singletary signed the document as the owner of the business and submitted it to Steadfast.

8. In completing this application form, Singletary indicated that TSP was established on July 20, 2018.

9. In considering whether to accept the insurance risk of TSP, Steadfast reviewed the information provided in the above application by Singletary. In signing the application, Singletary, on behalf of the applicant, TSP, affirmed "that the foregoing statements and answers are a true representation of all the facts and circumstances with respect to the risk to the insured to the best of the applicant's knowledge and the same are therefore made the basis of any policy of insurance issued."

10. Based on all information, Steadfast issued a general liability policy to TSP, policy number EOL0288684-00, with effective dates from July 30, 2018 to July 30, 2019. Steadfast renewed this policy after reviewing TSP's renewed

application, dated July 23, 2019, that contained the same information listed above. The renewed policy had effective dates of July 30, 2019 to July 30, 2020.

## THE LAWSUIT

11. On or about April 28, 2020, TSP notified Steadfast that it had been sued, along with its alleged former employee Devante Perryman ("Perryman"), in the State Court of Fulton County, State of Georgia, as a result of an incident that took place between Naeemah McKee ("McKee") and Perryman, on May 24, 2019, at West Ridge Shopping Center (the "Shopping Center"). This lawsuit is captioned McKee v. TSP Security, LLC d/b/a TSP Guard, *et al.*, Civil Action File Number 20EV001729, in the State Court of Fulton County, State of Georgia ("the Complaint").

12. The Complaint alleges, *inter alia*, that Perryman, while acting under the employment of TSP, assaulted, battered, falsely arrested, falsely imprisoned, defamed, and intentionally inflicted emotional distress on McKee while performing his security guard duties.

13. Pursuant to the allegations found in the Complaint, Halpern Enterprises, Inc. ("Halpern") owns and operates the Shopping Center.

## INVESTIGATION AND DEFENSE OF THE CLAIMS AGAINST TSP AND PERRYMAN

14. Steadfast provided legal counsel to TSP in the McKee matter.

4

15. Perryman has not been served in the McKee matter. Nevertheless, Steadfast offered Perryman counsel. However, Perryman refused counsel and would not assist TSP because of an alleged dispute between Perryman and TSP.

16. During the investigation of the allegations found in the Complaint, Steadfast learned that a security contract existed between another security company owned by Singletary called M. Elliot, Strong and Assoc., LLC ("M. Elliot"), and West Ridge, LLC ("West Ridge") for the Shopping Center's security services during all times mentioned in the Complaint.

17. Steadfast also learned that TSP did not exist as a legal corporate entity until it was formed on December 26, 2019, which is after the May 24, 2019 incident date alleged in the Complaint.

18. TSP and Perryman have repeatedly refused to cooperate with Steadfast and legal counsel in connection with the McKee action.

19. Legal counsel provided by Steadfast for TSP has filed a motion to withdraw from the case as counsel for TSP due to this lack of cooperation.

20. Steadfast has agreed to provide TSP with independent counsel of its choosing, but TSP has refused to secure such counsel, to respond to Steadfast's inquiries regarding its defense, and to otherwise cooperate with Steadfast.

## COUNT I

## CLAIM FOR DECLARATORY RELIEF AS TO MISREPRESENTATIONS IN THE APPLICATION

21. Paragraphs 1-20 are incorporated into this Count as though set forth in full.

22. In its July 26, 2018 application for insurance, on line number 6 of its application, TSP falsely stated that it was established on July 20, 2018.

23. In that same application, TSP also stated, on line 13, that it performed work for Halpern. Based on information available to Steadfast, it appears that West Ridge had contracted with M. Elliot to provide such security services.

24. These misrepresentations were repeated in the application for insurance that TSP submitted on July 23, 2019, for the same liability coverage. Based on this information, the Steadfast liability policy with TSP was renewed.

25. These misrepresentations were material in that Steadfast would not have issued an insurance policy to TSP had it known that it was a non-existent legal entity at the times that it submitted its insurance applications to Steadfast.

26. Steadfast asks this Court to determine whether these misrepresentations would void these policies *ab initio*, thereby leaving Steadfast with no duties to TSP and Perryman regarding the defense and coverage of any suit(s) against them during the policy periods of existence, including the McKee action.

6

## COUNT II

## CLAIM FOR DECLARATORY RELIEF AS TO WHETHER TSP AND PERRYMAN BREACHED THE POLICY'S DUTY TO COOPERATE THUS VOIDING COVERAGE TO THEM IN THE McKEE MATTER

27. Paragraphs 1-26 are incorporated into this Count as though set forth in full.

28. In Section IV, Commercial General Liability Conditions, Section 2, p.11 of 16, Duties In The Event of Occurrence, Offense, Claim Or Suit, Subsection (c), the Steadfast policy states that:

> You [the named insured] and any other involved insured must:
> …
> (2) Authorize us to obtain records and other information;
>
> (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
>
> (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

29. Steadfast asks this Court to determine whether TSP violated these provisions by its failure to, *inter alia*, assist its Steadfast appointed counsel in the defense of the McKee matter, assist Steadfast in the investigation of the McKee matter, provide Steadfast with its independent counsel selections so that TSP would

7

have counsel to defend it in the McKee matter, and otherwise cooperate with Steadfast as discovery in this matter may show, thus terminating any duty to defend or indemnify TSP in the McKee matter.

30. Steadfast asks this Court to determine whether Perryman violated these provisions by his failure to, *inter alia*, accept counsel offered by Steadfast to him, assist Steadfast in its investigation of the McKee matter, and otherwise cooperate with Steadfast as discovery in this matter may show, thus terminating any duty to defend or indemnify Perryman in the McKee matter.

## COUNT III

## CLAIM FOR DECLARATORY RELIEF AS McKEE SUED THE WRONG ENTITY IN HER CLAIMS AGAINST TSP

31. Paragraphs 1-30 are incorporated into this Count as though set forth in full.

32. Moreover, Steadfast seeks declaratory judgment in this matter holding that Steadfast owes no coverage or defense for TSP and Perryman in the McKee matter, because M. Elliott, pursuant to its contract with West Ridge, provided security services at the Shopping Center, not TSP, which did not exist at the inception of the contract or on the date of loss of the underlying incident.

WHEREFORE, Steadfast respectfully requests that this Court:

1. Enter a declaratory judgment for Plaintiff in this matter, finding that the policy at bar is void *ab initio* due to TSP's misrepresentations in its insurance applications;

2. Enter a declaratory judgment for Plaintiff in this matter, finding that TSP violated a condition precedent to coverage by its refusal to cooperate with Steadfast with regard to the McKee matter;

3. Enter a declaratory judgment for Plaintiff in this matter, finding that Perryman violated a condition precedent to coverage by his refusal to cooperate with Steadfast with regard to the McKee matter;

4. Enter a declaratory judgment for Plaintiff in this matter, finding it owes no duties to TSP and Perryman to provide them with a defense and indemnity, because M. Elliot provided security at the subject property, not TSP – which did not exist at the inception of the contract or on the date of loss of the underlying incident;

5. Award Steadfast its costs and attorney's fees; and

6. Provide Steadfast with whatever other relief it deems proper.

This 21st day of December, 2020.

        Respectfully submitted,

        SWIFT, CURRIE, McGHEE & HIERS, LLP

        ***/s/  Frederick Owen Ferrand***
        Frederick Owen Ferrand
        Georgia Bar No. 259169
        Fred.Ferrand@SwiftCurrie.com
        Heather E. Obelgoner
        Georgia Bar No. 278063
        Heather.Obelgoner@SwiftCurrie.com

1355 Peachtree St. NE, Suite 300
Atlanta, GA 30309
Ph: (404) 874-8800
Fx: (404) 888-6199

4838-9814-7796, v. 1